UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERRY HUNT (1); MARY HUNT (2); RUSSELL HUNT (3); and DEREK HUNT (4),<br><br>Defendants. | NO: 2:16-CR-100-RMP<br><br>PROTECTIVE ORDER |

Upon motion by the Government,

**IT IS HEREBY ORDERED** that the United States' Motion for Protective Order, **ECF No. 21**, and Motion to Expedite, **ECF No. 22**, are **GRANTED**, setting forth the following:

1. The United States will provide discovery materials on an on-going basis to defense counsel;

2. Defense counsel may possess but not copy (excluding the production of necessary working copies) the discovery materials, including sealed documents;

PROTECTIVE ORDER ~ 1

3. Defense counsel may show to, and discuss with, his/her client the discovery materials, including documents subject to protective order; but defense counsel shall not disclose personal identifying information other than names, specifically birthdates, addresses, social security numbers, and phone numbers of witnesses identified in discovery;

4. Defense counsel shall not provide original or copies of discovery materials directly to his/her client or leave *unsupervised* discovery materials with their client or any other person; "copy" means a copy of the actual discovery, summarizing content of discovery, or quoting from the content of discovery and providing the quoted or copied material to the Defendant;

5. Defense counsel shall not otherwise provide original or copies of the discovery material to any other person, including subsequently appointed or retained defense counsel, but excluding any staff of defense counsel or investigator and/or expert engaged by defense counsel, who will be bound by the terms and conditions of the protective order. If the discovery is provided to a Court appointed "expert" or investigator under the parameters of this Order, that expert or investigator is subject to this Protective Order and therefore subject to Sanctions for violation of said order;

PROTECTIVE ORDER ~ 2

6. Discovery, not including attorney work product, shall be returned to the United States in its totality upon completion of the case. The case is "completed" upon entry of a final judgment or mandate from direct appeal. The potential for future habeas proceedings does not justify retention of discovery after the completion of the case. In the event of such proceedings, discovery can be made available by Court order.

7. Defense counsel may challenge the Protective Order's prohibition on personal identifying information based on good cause shown that Defendants' rights to prepare a defense or to effective representation by counsel are effectively impeded by the Protective Order.

8. Defense counsel shall inform their clients of the potential penalties for violations of the Protective Order, and that any violation of the Protective Order may be punished by contempt.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 29th day of June 2016.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

PROTECTIVE ORDER ~ 3