UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERRY HUNT (1); MARY HUNT (2); RUSSELL HUNT (3); and DEREK HUNT (4),<br><br>Defendants. | NO: 2:16-CR-100-RMP<br><br>ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS INDICTMENT WITHOUT PREJUDICE |

**BEFORE** the Court are the Government's Motion to Dismiss the Indictment in this case without prejudice, pursuant to Fed. R. Crim. P. 48(a) of the Federal Rules of Criminal Procedure, ECF No. 82, and Motion to Expedite the same, ECF No. 83. Defense counsel for Ms. Mary Hunt filed a response and counter-motion for the Court to dismiss with prejudice, pursuant to Fed. R. Crim. P. 48(b) and the Due Process clause of the Fifth Amendment, ECF No. 87.

An indictment was filed in this case on June 7, 2016, charging Ms. Hunt and her three co-defendants with conspiracy to deal firearms without a federal firearms license. ECF No. 1 at 1. After granting several continuances, the Court set the

ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS COUNT 2 OF THE INDICTMENT ~ 1

trial to begin on December 5, 2016, with a pretrial conference on November 15, 2016. ECF No. 66. At the pretrial conference on November 15, 2016, defense counsel for co-defendant Russell Hunt moved to continue the trial again due to scheduling conflicts. ECF No. 78. The Assistant United States Attorney who had assumed the case from a prior Assistant United States Attorney supported the motion for a continuance and stated that he would be seeking a superseding indictment at a grand jury session in early December to add additional charges. The Court granted the motion to continue, but only until December 12, 2016. ECF No. 81. The Government then filed a motion to dismiss without prejudice, presumably to allow time to seek a new indictment against Defendants that would include additional charges.

The Government may move to dismiss an indictment under Fed. R. Crim. P. 48(a), but must seek leave of court in order to prevent the Government from "charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *See Rinaldi v. United States*, 434 U.S. 22, 29 n. 15, (1977). When a defendant contests a Rule 48(a) motion for dismissal without prejudice, a court may exercise its discretion to protect the defendant. *United States v. Gonzalez*, 58 F.3d 459, 461 (9th Cir. 1995). However, discretion in charging is part of the prosecutorial prerogative. *See United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir.1988).

ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS COUNT 2 OF THE INDICTMENT ~ 2

In this case, the original indictment was filed in June of 2016 and alleges a conspiracy ranging from June 2011 to December 2015. The Government's motion to dismiss without prejudice was filed November 17, 2016, less than a month before the continued trial date of December 12, 2016. At this point, the Government has not recharged the Defendants. The Court finds no basis to conclude that the Defendants are prejudiced or that the Government's actions violate the Defendants' due process rights or rise to a level of harassment. Therefore, the Court has no basis for denying the Government's motion to dismiss without prejudice pursuant to Fed. R. Crim. P. 48(a).

Under Fed. R. Crim. P. 48(b), the Court also has the ability to dismiss an indictment if unnecessary delay occurs in bringing a defendant to trial, but a court should employ that remedy rarely. *See U.S. v. Huntley*, 976 F.2d 1287, 1291-92 (9th Cir. 1992). Considering the current procedural posture of this case, the Court has no basis for granting Defendants' motion to dismiss with prejudice pursuant to Fed. R. Crim. P. 48(b). Depending on how this case proceeds and whether Defendants are recharged with the same allegations of misconduct, Defendants may have a basis to renew their motion to dismiss a new indictment in the future.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Government's Motion to Dismiss Indictment without Prejudice, **ECF No. 82**, and Motion to Expedite, **ECF No. 83**, are **GRANTED**.

2. The Indictment filed in this case at ECF No. 1, is hereby dismissed without prejudice.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED**: November 23, 2016.

                                       *s/ Rosanna Malouf Peterson*
                                       ROSANNA MALOUF PETERSON
                                         United States District Judge